FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 8 - 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01555-OES

JAMIE STANTON,

    Plaintiff,

v.

SGT. (JOHN DOE 1)
LT. (JOHN DOE 2) of Colorado State University (CSU) Police Department,
ANN HUDGES, CSU Administrator,
FT. COLLINS POLICE OFFICER (JOHN DOE 3),
DET. STEELE,
CURT JACKSON,
JEFF KELLEY,
KIMBERLY DAVIS,
KARLA STANTON,
GENA PANDO,
CHUCK PIERCE,
MAYOR MARTINEZ OF FT. COLLINS, and
COLORADO ATTORNEY GENERAL KEN SALAZER [sic],

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff Jamie Stanton is a prisoner in the custody of the Wyoming Department of Corrections who currently is incarcerated at the Wyoming State Penitentiary. He has filed *pro se* an amended civil rights complaint pursuant 42 U.S.C. §§ 1983 and 1985 (2003), and 28 U.S.C. § 1343(a)(3) (1993) for money damages and declaratory and injunctive relief. He also has supplemented the amended complaint.

The Court must construe liberally the amended complaint, as supplemented, because Mr. Stanton is representing himself. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Stanton will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint, as supplemented, and has determined that the supplemented, amended complaint is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Stanton's amended complaint, as supplemented, is unnecessarily long. The supplemented, amended complaint does not include a short and plain statement of his

claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Mr. Stanton's supplemented, amended complaint stems from incidents that occurred while he was a student at the Colorado State University in Fort Collins, Colorado. On the basis of these allegations, he asserts that his Fourteenth Amendment due process rights have been violated.

Yet he devotes numerous pages to listing chronological events and to making allegations that he easily could have stated in only a few pages, and the amended complaint, as supplemented, still fails to make clear the reason or reasons he is suing each named defendant. Rather than summarizing each claim succinctly, Mr. Stanton apparently expects the Court to sift through his allegations to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Stanton's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Stanton must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Stanton also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City*

3

*of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Stanton may use fictitious names, such as "John Doe 1," "John Doe 2," and "John Doe 3" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Stanton uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint, as supplemented, does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Stanton should be given an opportunity to file a second amended complaint. He will be directed to do so below.

Finally, Mr. Stanton is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Stanton should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.

Lastly, on December 2, 2005, Mr. Stanton requested that the Court inform him as to the payments received in the instant action. The request will be granted. Payments received are as follows: $19.00 received on November 10, 2005; and two

payments of $11.00 each received on November 21, 2005. Accordingly, it is

ORDERED that Mr. Stanton file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Stanton, together with a copy of this order, two copies of the following form for use in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Stanton submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Stanton fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint, as supplemented, and the action will be dismissed without further notice. It is

FURTHER ORDERED that Mr. Stanton's request, filed on November 14, 2005, for reprimand to be issued to the City of Fort Collins, Fort Collins Police Department, and Wyoming State Penitentiary and its staff is denied. It is

FURTHER ORDERED that Mr. Stanton's December 2, 2005, request that the Court inform him as to the payments received in the instant action is granted. Payments received are as follows: $19.00 received on November 10, 2005; and two

payments of $11.00 each received on November 21, 2005.

DATED at Denver, Colorado, this 8 day of December, 2005.

BY THE COURT:

_____
O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01555-OES

Jamie Stanton
Prisoner No. 23288
Wyoming State Penitentiary
600 S. Higley Blvd
PO Box 400
Rawlins, WY 82301

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 12-8-05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk